BUN BOSTON v. THE STATE.

1. VENUE. — When the record fails to show that the venue of the offence was proved at the trial below, a judgment of conviction must be set aside.

2. JUDICIAL KNOWLEDGE. — Courts take judicial cognizance of the territorial extent of the sovereignty and jurisdiction exercised by their own government, and of the political subdivisions of their country, and their relative positions, though not of their precise boundaries, otherwise than as defined by public statutes. But whether a particular locality is or is not within a particular county is not a fact judicially known to courts.

APPEAL from the District Court of DeWitt. Tried below before the Hon. H. C. PLEASANTS.

The appellant was tried for the murder of a colored man named Bill Kinney, by shooting him with a gun or pistol. He was convicted of murder in the second degree, and his punishment assessed at five years in the penitentiary.

The deceased was killed near the village of Yorktown, where, early in the evening of the killing, the appellant was seen, heavily armed. The evidence for the State was circumstantial, except the testimony of a negro named John Peace, who stated that he and the deceased were riding together, about dark, when the appellant, riding a red roan horse, overtook them and asked if the deceased was not Richard Friar, and called them d—d liars when they told him that the name of deceased was Bill Kinney. The appellant, however, soon became pacified and apparently friendly, and told them he intended to get Richard Friar and three other negroes whom he named. They rode together until they got into the road leading to Victoria. from Yorktown. The appellant gave his name to deceased and witness, once as Jim Taylor and once as Bill Milligan. Witness then proceeds to detail an unprovoked shooting of deceased by the appellant, and an attempt also to shoot witness.

The defence introduced five witnesses to impeach the last witness, all of whom testified that they had known the witness for years, and his reputation for truth and veracity, which was bad; and all the five witnesses to impeach testified that they would not believe the witness referred to on oath. Some of these testified that the witness referred to, at various times, both drunk and sober, had told them that he had never seen the man who killed the deceased, before or since the killing, and that he could not recognize the man who did the killing. The testimony of the said witness, taken down before the committing court, which was signed and sworn to by him, was also presented by the defence to impeach him.

Another witness for the defendant testified that on the evening of the killing he saw a man in Yorktown whom he took to be Bill Milligan. Four others testify, for the defence, that defendant, on the evening of the killing, rode up to the house of one Spinks, ten miles distant from Yorktown, where all four were, about eight o'clock at night, which was about the time the killing is alleged to have taken place. According to these witnesses, he rode a dapple-gray horse.

Another witness, for the State, in rebuttal, testifies that he lives seven miles from Yorktown, or three miles nearer town than the witness Spinks, on the same road. That one night late, after witness had gone to bed, appellant came to witness's house for a drink of water, and woke witness up. The two talked on the gallery some time, and during the course of conversation appellant told witness that a man had passed him on the road, riding fast, and had told him (appellant) that some one had killed a negro in town. Witness does not know that this was the night of the killing. Saw no arms on the appellant.

*Lackey & Stayton,* for the appellant.

*W. B. Dunham,* Assistant Attorney-General, for the State.

WINKLER, J.   It is argued, on behalf of the appellant, that there was " no proof in the case that the offence for which he was convicted, was committed in DeWitt County, Texas, or at any place which would give the District Court of that county jurisdiction."   On the part of the State it is conceded that the statement of facts does not show that the venue was proved.

.The indictment charges the appellant with the murder of Bill Kinney, committed in DeWitt County.   We have carefully examined the evidence as set out in the statement of facts, which counsel on both sides agree is a full statement of all the material facts in evidence upon the trial of the cause, and is approved by the judge who presided at the trial in the District Court ; and, whilst several places are mentioned by the witnesses, it is nowhere stated that any one of the places named is within the county of DeWitt, or that the offence was committed at any place which this court can judicially know to be within the limits of that county.

Whilst courts take notice of the territorial extent of the jurisdiction and sovereignty exercised *de facto* by their own government, and of the local divisions of their country,— as, into States, provinces, counties, cities, towns, local parishes, or the like,— so far as political government is concerned or affected, and of the relative positions of such local divisions, but not of their precise boundaries, further than they may be disclosed in public statutes (1 Greenl. on Ev., sec. 6), still courts do not take notice that particular places are or are not in particular counties.   *Brunt* v. *Thompson,* 2 Ad. & E. 789 (N. s.), top page 913, referred to by Mr. Greenleaf as *Bruce* v. *Thompson,* in note 7 to sec. 6, vol. 1.

Because there is no proof that the offence for which the

appellant was tried was committed in DeWitt County, the judgment must be reversed. The venue must be proved, else the testimony will not support a verdict of guilty. *Bell* v. *The State*, 1 Texas Ct. App. 81, and many other cases.

Other questions of interest are raised by the bill of exceptions set out in the transcript, and which have been argued by counsel for the appellant. Inasmuch, however, as these matters have not been discussed on behalf of the State, doubtless for the reason above stated, and because these questions are not likely to arise in the same form on another trial, we have not deemed it important to pass upon them now.

For the reasons hereinbefore stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*